## Pierce, Appellant, *v.* Schoonover.

*Trusts and trustees—Accounts—Findings of fact—Finality—Review.*

Where a master and the court below have passed upon the accounts of a trustee and have found from sufficient evidence that there were no errors or omissions in the accounts, the decree of the court below will not be disturbed.

Argued April 17, 1905.    Appeal, No. 179, Jan. T., 1904, by plaintiff, from decree of C. P. Centre Co., April T., 1886, No. 337, dismissing exceptions to master's report in case of Rosie L. Pierce v. O. L. Schoonover.    Before DEAN, BROWN, MESTRE-ZAT, POTTER and ELKIN, JJ.    Affirmed.

Exceptions to master's report.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to master's report.

*C. S. McCormick*, for appellant.

*S. D. Gettig*, with him *John J. Bower* and *W. D. Zerby*, for appellee.

PER CURIAM, May 1, 1905:

Schoonover, the appellee, and J. H. Pierce, the husband of the appellant, became the owners of certain real estate in Centre county, prior to April 25, 1885; Pierce's interest became encumbered by judgment debts, contracted by him.    Then, he and Schoonover, for the purpose of protecting Pierce's interest and preventing litigation in reference to the title, entered into an agreement by which Schoonover bought in Pierce's interest at sheriff's sale and deed was made to him.    Subsequently, the property was seized again in execution by the creditors of Pierce, the husband of the appellant, and was sold by the sheriff. Schoonover acquired the title of Pierce for the sum of $4,000, and by an agreement with Mrs. Pierce, providing for his reimbursement, agreed to reconvey the property on being paid

his disbursements if they were paid before the expiration of a year. Before the end of the year, the appellant tendered to Schoonover a sufficient sum of money to reimburse him for his expenses and demanded a reconveyance of the property. Schoonover declined to reconvey, alleging that appellant must likewise repay him the $4,000 expended by him in acquiring the outstanding title of her husband; thereupon, the appellant, Mrs. Pierce, filed a bill in equity which resulted in a decree by the court that Schoonover execute to appellant a deed of conveyance for the property on the payment of $5,246.64, with interest from November 9, 1889, less the excess of the amount received by him for rents and the amount paid by him for taxes and insurance.

From this decree Schoonover appealed to this court, which affirmed the decree of the court below. Three masters were appointed to pass on the exceptions to Schoonover's account; the last one was E. R. Chambers, Esq., who passed on the exceptions and found a balance due the appellee of $2,459.75, with interest from September 7, 1903. Judge McClure, specially presiding, heard the exceptions to the report of the master and made a final decree confirming the report of the master.

The appellant fails to convince us of any mistake or omission in the final adjudication nor has she made any effort to have the same opened or to go back of it, nor is there any evidence of any error or omission in fixing the amount, nor has she shown anywhere that Schoonover received any rentals or moneys from the use of any part of the property either before or since Judge Simonton's decree, for which he has not accounted.

In view of this record, it is not our duty to disturb the adjudications which have been so carefully passed upon by both judges in the court below. We fail to find any manifest error in either decree. The exceptions are overruled and the decree of the court below is affirmed.